Defendant-Appellant, Justin Matthew Millisor ("Appellant"), appeals his convictions for aggravated robbery, a violation of R.C. 2911.01, and carrying a concealed weapon, a violation of R.C. 2923.12. Appellant was also charged with and convicted of a firearm specification. For the following reasons, we affirm Appellant's convictions.
The evidence adduced at trial is as follows. On or about 2:00 a.m. on May 4, 1998, Johnny Ray Russell, age 22, and Appellant, age 16, proceeded to the Travelodge Motel on State Route 95, located just east of the City of Marion. Upon their arrival, Russell parked in a secluded area of Aldi's Supermarket, located adjacent to the motel. Appellant then allegedly exited the vehicle and proceeded to the front entrance of the motel. The doors to the front entrance were locked, so Appellant proceeded to the night window located just inside a side entrance to the motel.
According to Linda Tharp, the motel clerk on duty at the time, Appellant approached the night window, pointed a handgun at her, and demanded money. The clerk informed Appellant that she had no money. Appellant then apparently threatened to kill her if she did not find the motel's safe. The clerk proceeded to the back room where the safe was located. While doing so, she called 911. Sometime shortly thereafter, Appellant allegedly fled from the motel.
At the time of the robbery, Marion County Sheriff's Deputy Brett Ruhe was at a gas station located across the street from the motel. Deputy Ruhe learned of the robbery through the police dispatcher, and arrived at the motel's parking lot within one minute of the call to 911. For safety reasons, Deputy Ruhe decided to wait in the parking lot for the suspect to exit the motel.
A few minutes after arriving at the motel, Deputy Ruhe observed a small, dark colored car with its headlights off drive at a slow rate of speed from the rear parking lot of Aldi's Supermarket. The vehicle then proceeded onto State Route 95 and continued westbound toward the City of Marion. Deputy Ruhe forwarded a description of the vehicle to the City of Marion Police Department.
Upon receiving the information disseminated by Deputy Ruhe, City of Marion Police Officer Matthew Bayles stationed his cruiser at an intersection leading into town. Shortly thereafter, Officer Bayles observed a vehicle, a black 1992 Nissan Sentra, approach his location at a high rate of speed. The vehicle matched the description of the vehicle Deputy Ruhe had observed a few minutes earlier leaving the motel. Thereupon, Officer Bayles began to follow the vehicle. Shortly thereafter, police officers performed a felony stop of the vehicle.
Upon searching the vehicle, the officers discovered a knit stocking cap and a pair of gloves in the glove compartment. The cap matched the description given to the police dispatcher by the motel clerk. The police also found a loaded handgun under the front passenger seat the seat Appellant had been occupying at the time of the stop. Appellant was taken back to the motel for identification by the motel clerk. Appellant was then positively identified by the motel clerk as the person who had attempted to rob the motel.
Appellant was tried before a jury and was found guilty of aggravated robbery and carrying a concealed weapon. Appellant was also convicted of a firearm specification. Appellant was sentenced to a six year term and an eighteen month term in prison, respectively. Appellant's eighteen month term for carrying a concealed weapon was ordered to run concurrently with the six year term imposed for aggravated robbery. Appellant was also sentenced to an additional three year term pursuant to the gun specification. In total, Appellant was sentenced to nine years in prison. Appellant now appeals, setting forth eight assignments of error.
ASSIGNMENT OF ERROR NO. I
 The trial court erred to the prejudice of Defendant-Appellant by denying his motion for suppression of eyewitness identification.
Appellant asserts in his first assignment of error that the out-of-court identification of him by the motel clerk was unduly suggestive and did not contain the required indicia of reliability. Appellant also contends that, due to the above, the in-court identification of Appellant lacked an independent basis to ensure its reliability. For the following reasons, we do not agree.
We first note that "[i]t is the likelihood of misidentification which violates a defendant's right to due process" State v. Parker (1990),53 Ohio St.3d 82, 87. "Suggestive confrontations are disproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for further reason that the increased chance of misidentification is gratuitous." Neil v. Biggers (1972),409 U.S. 188, 198. The purpose of a strict rule barring evidence of unnecessarily suggestive confrontations "would not be based on the assumption that in every instance the admission of evidence of such a confrontation offends due process." Id. at 199. (Citations omitted). "The admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." Manson v. Brathwaite (1977), 432 U.S. 98, 106. "[R]eliability is the linchpin in determining the admissibility" of such evidence. Id. at 114.
The Supreme Court of Ohio has held that where a witness has been confronted by a suspect before trial, that witness' identification of the suspect will be suppressed if the confrontation procedure was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under the totality of the circumstances. State v. Brown (1988), 38 Ohio St.3d 305,310, citing Manson, 432 U.S. at 114. Thus, the central question is whether under the totality of the circumstances, the identification was reliable even though the confrontation procedure may have been suggestive. Neil, 409 U.S. at 199.
In order to determine reliability, the following five factors must be considered: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time lapse between the crime and the confrontation. Manson, 432 U.S. at 114. Against these factors is to be weighted the corrupting effect of the suggestive identification itself. Id.
Applying these factors to the clerk's identification of Appellant, we conclude that the identification was reliable. First, the record before us establishes that the clerk had ample opportunity to observe, at close proximity, the suspect in this case.
Second, although the clerk testified that her attention was directed for the most part toward the weapon at the time of the crime, the record demonstrates that she was able to adequately view and speak with the suspect. Thus, the evidence suggests that the clerk remained attentive in all respects.
Third, the evidence adduced at trial establishes that the clerk's description of the suspect was sufficiently reliable. Although Appellant asserts that the clerk's physical portrayal of the suspect was dissimilar to Appellant's actual physical appearance, a review of the record, as well as a photograph of Appellant taken shortly after the crime, reveals that the description was relatively fair and accurate.
Fourth, the record reveals that the clerk possessed an adequate level of certainty upon identifying the suspect. Although Appellant asserts that the clerk's identification was flawed in several respects, such as the failure of the police to take him out of the vehicle prior to the identification, we find this contention to be utterly without merit. A review of the transcript reveals that the clerk felt "very certain" that Appellant was the individual who had attempted to rob the motel earlier that morning.
Finally, the record reveals that only a short period of time elapsed between the time of the actual crime and the time of the clerk's positive identification of Appellant as the suspect.
Contrary to Appellant's assertions, our review of the record demonstrates that the identification procedure was sufficiently reliable pursuant to the factors outlined above. Further, there was ample evidence seized from Russell's vehicle to corroborate the clerk's identification of Appellant, particularly the black knit cap, black sweatshirt, and weapon found within the glove compartment of Russell's vehicle.
This Court does recognize the potential suggestiveness of a show-up procedure in which a lone suspect is viewed in the backseat of a police cruiser, but we find nevertheless that under the totality of the circumstances the identification was reliable. Thus, the trial court did not err in admitting the motel clerk's out-of-court identification of Appellant. We also find that any argument relative to the clerk's in-court identification of Appellant is without merit.
Accordingly, Appellant's first assignment of error is not well-taken and is overruled.
ASSIGNMENT OF ERROR NO. II
 The court erred to the prejudice of Defendant-Appellant when it limited Professor Huff's testimony.
In his second assignment of error, Appellant asserts that the trial court erred when it refused to permit the defense to develop the expert testimony concerning the factors that may impair the accuracy of a typical eyewitness identification. For the following reasons, we do not agree.
We first note that Evid.R. 702 allows a qualified witness to testify in the form of opinion or otherwise if the scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue.State v. Joseph (Dec. 23, 1993), Allen App. No. 1-91-11, unreported. As with other evidentiary matters, the decision whether to admit expert opinion testimony is a matter generally within the sound discretion of the trial court. Scott v. Yates
(1994), 71 Ohio St.3d 219, 221. Thus, absent an abuse of discretion, the trial court's decision will not be reversed on appeal. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In the case before us, Professor Huff, an expert in criminology, was prevented from testifying as to whether he held an opinion regarding the reliability of the out-of-court identification of Appellant. Professor Huff intended to testify that the out-of-court identification of Appellant was highly suggestive of guilt. The trial court, however, limited Professor Huff's testimony to the variables and factors that may impair the accuracy of a typical eyewitness identification.
It is axiomatic that expert testimony concerning the variables or factors that may impair the accuracy of a typical eyewitness identification is admissible under Evid.R. 702. Statev. Buell (1986), 22 Ohio St.3d 124, paragraph four of the syllabus, certiorari denied (1986), 479 U.S. 871. However, testimony regarding the credibility of the identification testimony of a particular witness is inadmissible under Evid.R. 702, absent a showing that the witness suffers from a mental or physical impairment which would affect the witness' ability to observe or recall events. Id.
In the case before us, the defense did not offer any evidence that the eyewitness suffered from a mental or physical impairment. Thus, on the authority of Buell, we find that the trial court did not err in precluding Professor Huff from testifying as to the reliability of the motel clerk's identification of Appellant.
Accordingly, Appellant's second assignment of error is not well-taken and is overruled.
ASSIGNMENT OF ERROR NO. III
 The court erred to the prejudice of Defendant-Appellant when it admitted and permitted the jury to consider the testimony of G. Michelle Yezzo.
Appellant asserts in his third assignment of error that the trial court erred by admitting into evidence the testimony of the State's forensic scientist concerning the consistency of hair samples taken from Appellant with samples taken from the knit cap found within Russell's vehicle. For the following reasons, we do not agree.
We first note that Appellant failed to object to the testimony of the State's expert witness. Absent plain error, Appellant's failure to object generally waives the right to appeal the issue. Crim.R.52(B); State v. Long (1978), 53 Ohio St.2d 91,97. To find plain error, the court must be able to conclude that but for the admission of the improper evidence, the outcome of the trial would clearly have been different. Long, supra, at 97.
The decision whether to admit evidence rests within the sound discretion of the court, and as long as the probative value is not substantially outweighed by the prejudicial effect, relevant evidence is admissible. Evid.R. 403. Again, we note that a trial court has broad discretion in admitting expert testimony. Yates,71 Ohio St.3d at 221.
In this appeal, Appellant does not challenge the qualifications of the State's witness but, rather, challenges certain portions of her testimony. Appellant argues that her testimony should have been rendered inadmissible at trial.
Michelle Yezzo, the forensic scientist employed by the State Bureau of Criminal Investigation, testified for the State of Ohio. Yezzo testified that to a reasonable scientific certainty, the hair samples taken from Appellant were consistent with the hair samples taken from the knit cap found within Russell's vehicle.
Upon reviewing the transcript of the matter, we find that the testimony reached the requisite standard of admissibility. In particular, the State's expert did not testify that the hair found within the knit cap was, in fact, Appellant's hair. Such a determination could not be made to a reasonable scientific certainty. Instead, the expert witness merely testified to a reasonable scientific certainty concerning "observable characteristics" of the hair sample evidence provided to her by the police. See, e.g., State v. Bayless (1976), 48 Ohio St.2d 73, vacated in part on other grounds (1978), 438 U.S. 91; see, also,Morris v. Ohio (June 10, 1996), Butler App. No. CA95-11-208, unreported (expert's testimony that to a reasonable degree of scientific certainty accused's hair was consistent with hair sample taken from the passenger side windshield of automobile found admissible at trial).
The testimony of the State's expert witness is admissible circumstantial evidence that Appellant had, at one time, worn the knit cap in question. Further, the expert's inability to state with certainty that the hair retrieved from the knit cap was that of Appellant goes to the weight and sufficiency of the evidence, rather than to its admissibility. State v. D'Ambrosio (1993),67 Ohio St.3d 185, 191; State v. Courtney (1985), 25 Ohio App.3d 12,14.
For the aforementioned reasons, we find that the trial court did not err by admitting the expert testimony into evidence. Accordingly, Appellant's third assignment of error is not well-taken and is overruled.
For purposes of brevity, we will consider Appellant's fourth and fifth assignments of error simultaneously, as each concerns a related issue.
ASSIGNMENT OF ERROR NO. IV
 Defendant-Appellant's conviction is contrary to the manifest weight of the evidence.
ASSIGNMENT OF ERROR NO. V
 The record contains insufficient evidence to support Defendant-Appellant's conviction.
Appellant asserts in his fourth and fifth assignments of error that the verdict is against the manifest weight of the evidence, and that the record contains insufficient evidence to support his conviction. For the following reasons, we do not agree.
We first note that issues regarding sufficiency of the evidence and weight of the evidence are resolved through the use of two different standards. State v. Thompkins (1997), 78 Ohio St.3d 380. The standard for appellate courts to use when reviewing a claim of insufficiency of the evidence is as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The Supreme Court of Ohio has held that in determining whether a verdict is against the manifest weight of the evidence appellate courts shall:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Thompkins, 78 Ohio St.3d at 387, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. The Court also cautioned appellate courts to use discretion and only reverse convictions in extraordinary cases where the evidence clearly weighs in favor of reversal. Id.
In the case before us, Appellant was charged with and convicted of the offenses of aggravated robbery and carrying a concealed weapon. Having conducted a thorough review of the record, we find that the weight and sufficiency of the testimony of the numerous witnesses, as well as the physical evidence collected from Russell's vehicle, adequately support the jury's verdict on each offense. For these reasons, Appellant's propositions are without merit.
Accordingly, Appellant's fourth and fifth assignments of error are not well-taken and are overruled.
ASSIGNMENT OF ERROR NO. VI
Assistance of trial counsel was ineffective.
Appellant asserts in his sixth assignment of error a claim of ineffective assistance of counsel. For the following reasons, we do not agree.
The standards governing claims of ineffective assistance of counsel under the Ohio and United States Constitutions are well established and are essentially the same. Strickland v.Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. In a claim of ineffective assistance of counsel, the burden is on the defendant to prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. The Supreme Court of Ohio has held that counsel's performance is deficient if it falls below the objective standard of reasonable representation. Bradley, 42 Ohio St.3d at paragraph two of the syllabus. In order to show prejudice, the defendant must demonstrate that were it not for counsel's poor performance, the outcome of the trial would have been different. Id, at paragraph three of the syllabus.
In the case before us, Appellant alleges that he was denied effective assistance of counsel because defense counsel failed to object to the aforementioned testimony of the State's expert witness, Michelle Yezzo. Having previously found no error in the admission of the expert's testimony, we find no merit to Appellant's claim.
Accordingly, Appellant's sixth assignment of error is not well-taken and is overruled.
ASSIGNMENT OF ERROR NO. VII
 The combination of the aforesaid errors are sufficient to call into question the validity of the verdict, preventing the Appellant from obtaining the fair trial guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution as made applicable to the States by the Fourteenth Amendment, and Article I, Sections 10 and 16 of the Ohio Constitution, requiring reversal of the Appellant's conviction and a new trial.
Appellant asserts in his seventh assignment of error that the cumulative effect of the errors in his trial deprived him of his constitutional right to a fair trial. Having found no errors in Appellant's trial, we find no merit to his claim.
Accordingly, Appellant's seventh assignment of error is overruled.
ASSIGNMENT OF ERROR NO. VIII
 The trial court erred to the prejudice of Appellant-Defendant by imposing a sentence greater than the shortest prison term authorized for the offense and by imposing the longest prison term authorized for the offense.
Appellant asserts in his eighth assignment of error that the trial court erred in the sentencing phase of his trial. For the following reasons, we do not agree.
We first note that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing if the appellate court finds, clearly and convincingly, that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law.
In the case before us, Appellant was found guilty of carrying a concealed weapon a violation of R.C. 2923.12 and a felony of the fourth degree. See R.C. 2923.12(D). A trial court may impose a term of imprisonment of six to eighteen months for a felony of the fourth degree. See R.C. 2929.14(A)(4). Appellant was sentenced to an eighteen month prison term for the offense. Appellant was also found guilty of aggravated robbery a violation of R.C.2911.01 and a felony of the first degree. See R.C. 2911.01(B). A trial court may impose a term of imprisonment of three to ten years for a felony of the first degree. See R.C. 2929.14(1).
Pursuant to Senate Bill 2, a prison term may be imposed in two ways. If the court makes a finding that at least one factor enumerated in R.C. 2929.13(B)(1) is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C.2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C.2929.12. If the trial court finds after this review that (1) a prison term is consistent with the purposes and principles of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
A prison term may also be imposed when the trial court does not make a finding that at least one factor under R.C.2929.13(B)(1) is applicable to the offender. In this situation, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing in the individual case by considering, once again, the factors enumerated in R.C. 2929.12. R.C. 2929.13(B)(2)(b). If appropriate under the circumstances, the trial court is required to impose a community control sanction or a combination of community control sanctions upon the offender. If not, the trial court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A). R.C. 2929.13(A).
A term of imprisonment must be "reasonably calculated" to achieve the overriding purposes of sentencing pursuant to R.C. Chapter 2929. The sentence must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
If the offender has not previously served a prison term, the court is required to impose the minimum sentence authorized "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). A court may impose the longest prison term authorized only upon felony offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. R.C. 2929.14(C).
In the case before us, Appellant asserts the following errors in the sentencing phase of his trial: (1) the trial court erred in imposing the longest prison term authorized for the offense of carrying a concealed weapon, (2) the trial court erred in failing to impose the shortest prison terms authorized for the offenses of carrying a concealed weapon and aggravated robbery, and (3) the trial court failed to set forth adequate findings supporting the court's decision not to impose the shortest prison terms possible for the offenses of carrying a concealed weapon and aggravated robbery.
This Court recently held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 292914, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno (1999), Allen App. No 1-98-59 and 1-98-60, unreported. We also held that a trial court's failure to include all essential findings in the judgment entry does not render an otherwise appropriate felony sentence invalid. See Id., citing State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported. However, this Court did find that, when required, a trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing. Id. Further, when required, the court must also state the particular reasons for doing so. Id.
In the case before us, with respect to the charges of aggravated robbery charge and carrying a concealed weapon, the trial judge stated on the record at the sentencing hearing that imposition of the shortest prison terms possible would demean the seriousness of the offender's conduct and would not adequately protect the public. With respect to the charge of carrying a concealed weapon, the trial judge stated on the record that Appellant had committed the worst form of the offense.
Thus, the record before this Court establishes that the trial court complied in all respects with the sentencing standard as set forth in Martin and Bonanno, supra. In particular, the trial court stated in sufficient detail its findings and reasons for not imposing the minimum prison term authorized for each offense. The trial court also stated in sufficient detail its findings and reasons for imposing the maximum sentence permissible for the offense of carrying a concealed weapon. For the aforementioned reasons, we affirm Appellant's sentence.
Accordingly, Appellant's eighth assignment of error is not well-taken and is overruled.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.