**The STATE of Ohio, Appellant,**

v.

**SHADE, Appellee.**

[Cite as *State v. Shade* (1996), 111 Ohio App.3d 565.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–95–072.

Decided June 7, 1996.

*Russell Leffler,* Huron County Prosecuting Attorney, and *Richard R. Woodruff,* Assistant Prosecuting Attorney, for appellant.

*Thomas H. Freeman,* for appellee.

SHERCK, Judge.

This accelerated appeal comes to us from an order issued by the Huron County Court of Common Pleas which imposed sanctions for the state's failure to fully comply with the defense's request for discovery. Because the defense was not surprised or prejudiced in any way by the state's failure to disclose a "chain of custody" witness, we conclude that the trial court abused its discretion in imposing the harshest of sanctions and reverse its order.

Appellee, Forrest J. Shade, was indicted in June 1995 on one count of aggravated trafficking in cocaine, in violation of R.C. 2925.03(A)(1). A jury trial was scheduled for November 30, 1995. On November 28, 1995, appellant, the state of Ohio, filed supplemental discovery which provided the name and criminal history of the confidential informant who would testify as to appellee's purchase

of the cocaine, copies of revised state chemical analysis reports previously submitted to appellee, and the name of an additional state's witness, Patrolman Gary Higgins, who was to testify as to the chain of custody involving the controlled substance. Appellee's counsel did not receive this information until November 29, 1995, the day before trial.

Prior to receiving this information, appellee's counsel had apparently indicated to appellant that appellee would enter a plea on November 30, 1995. However, after reviewing the supplemental discovery, appellee's counsel chose to file a motion for sanctions on the basis that appellant had violated the discovery rules by waiting until the day before trial to disclose such information.

At the hearing, the trial court denied appellee's prayer for sanctions as to the confidential informant. However, the trial court granted the motion as to Patrolman Higgins and prohibited him from testifying. Appellant then filed the instant appeal pursuant to Crim.R. 12(J).[1]

Appellant asserts, in its sole assignment of error:

"The trial court erred by prohibiting Ptl. Gary Higgins from testifying because his name was not provided to the appellee until the day before trial where the appell[ee] conceded there was no surprise or prejudice."

Crim.R. 16(E)(3) states:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

Generally, a trial court may determine the appropriate sanction for a discovery violation at its own discretion. *State v. Scudder* (1994), 71 Ohio St.3d 263, 268, 643 N.E.2d 524, 529. However, a court must choose the least severe sanction that is consistent with the rules of discovery. *State v. Parker* (1990), 53 Ohio St.3d 82, 86, 558 N.E.2d 1164, 1168–1169. Furthermore, if the state withholds the name of a witness, the testimony may be admitted if "it can be shown that the failure to provide discovery was not willful, foreknowledge of the statement would not have benefited the defendant in the preparation of the

---

1. Appellee argues that Higgins's testimony was not essential to the state's case and, for that reason, the state improperly certified this as a Crim.R. 12(J) appeal. However, we conclude that it is not within the scope of our review on this appeal to determine whether or not that evidence is essential to the state's case. When the state certifies that certain evidence is essential to the presentation of its case, it assumes the risks associated with that certification. We decline, however, as an appellate court, to rule on that issue in the first instance.

defense, and the defendant was not prejudiced by the admission of the evidence." *State v. Heinish* (1990), 50 Ohio St.3d 231, 553 N.E.2d 1026, syllabus.

■ In the present case, the record indicates that although the trial court was disturbed by the state's apparent pattern of omitting witnesses from requested discovery lists, the court made no actual finding that this omission was wilful. In addition, appellee's counsel acknowledged that the defense was not surprised by the addition of Officer Higgins's name to the list since Higgins's name appeared on several documents which the state provided the defense prior to the supplemental discovery. Appellee objected only on the basis that the late notice of this information was prejudicial as a whole to his case.[2]

In accord with the *Heinish* test, we conclude that Higgins's testimony should have been admitted because the addition of his name to the witness list on the day before trial was not found to be a wilful violation of the discovery rules, and by defense counsel's own statement, there was no element of surprise. Consequently, appellee was not prejudiced from properly preparing his defense or receiving a fair trial. Therefore, under these circumstances, we conclude that the trial court abused its discretion by excluding Higgins's testimony.

Accordingly, the judgment of the Huron County Court of Common Pleas is reversed. This cause is remanded for proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., and ABOOD, J., concur.

---

**2.** In our view, the testimony and criminal history of the informant, deemed admissible by the court, would have been more appropriately excluded as a sanction since the delay in receiving this information was more likely to prejudice appellee's defense preparation.