DECISION AND JUDGMENT ENTRY
The Scioto County Court of Common Pleas found Joseph Lampkin guilty of three counts of trafficking in cocaine and one count of possession of cocaine, all fifth degree felonies. Lampkin appeals, asserting that the trial court abused its discretion by denying his Crim.R. 29 motion for acquittal because the bill of particulars was inaccurate and because the state did not produce the laboratory report on the analysis of Lampkin's crack pipe until the day of trial. We disagree, because Lampkin did not articulate appropriate grounds for acquittal, and because neither the bill of particulars nor the laboratory report gave rise to a prejudicial error. Lampkin also asserts that the trial court committed plain error by ignoring the prosecutor's improper comments, and that his trial counsel was ineffective for failing to object to those improper comments. We disagree, because the prosecutor's remarks were proper. Accordingly, we affirm the judgment of the trial court.
 I.
The Scioto County Grand Jury indicted Lampkin on three counts of trafficking in cocaine and one count of possession of cocaine. Specifically, the indictment alleged that Lampkin sold crack cocaine to police informants who wore audio transmitters and consented to police monitoring on December 29, 1997, on January 8, 1998, and on March 18, 1998. The indictment further alleged that Lampkin, in the presence of two police officers, possessed and dropped a crack pipe that contained cocaine.
The bill of particulars referred to each of the sales to informants as a "wired buy." The bill of particulars also stated that the police drove the informant for the January sale to a corner several blocks from the location of the sale, and that the informant then walked to the sale location.
Lampkin pled not guilty, and his case proceeded to a jury trial. In pretrial discovery, the state provided Lampkin with a Bureau of Criminal Investigation ("BCI") laboratory report that confirmed the presence of cocaine in the residue on a crack pipe bearing BCI label number 97-12276-D. However, the police had labeled the crack pipe they seized from Lampkin with BCI label number 98-13228. The laboratory report on BCI label number 97-12276-D reflected an analysis date of May 22, 1998, almost three months prior to the date police seized Lampkin's crack pipe.
Shortly before the trial date, the state discovered that it provided Lampkin with a report on the wrong crack pipe. However, the state was unable to locate the original BCI laboratory report regarding the crack pipe labeled 98-13228. The state contacted BCI regarding the missing report. Because BCI maintains records on every analysis it performs, it was able to provide the state with a notarized copy of the laboratory report on the pipe labeled 98-13228. The report reflected an analysis date of October 22, 1998, and confirmed the presence of cocaine in the residue on the crack pipe.
The state received the notarized copy of the BCI report on the crack pipe labeled 98-13228 on the day before trial, and proffered it on the morning of trial. Over Lampkin's objection, the trial court permitted the state to introduce the 98-13228 report into evidence. Lampkin introduced the 97-12276-D report into evidence. The court determined that the discrepancies between the dates affected the weight, not the admissibility, of the BCI laboratory reports.
The police informants, the officers who monitored the sales, the officers who observed Lampkin drop the crack pipe, and the BCI scientists each testified at trial. The evidence revealed that, although the informants wore wires for all three sales, the audio recording of the December sale was unintelligible. Additionally, the informant from the January sale testified that he drove to the sale location, contrary to the statement in the bill of particulars that he walked. The officers who observed Lampkin drop the crack pipe testified that the crack pipe presented at trial, bearing number 98-13228, was the same crack pipe they seized. Finally, the forensic scientist who conducted the analysis on the pipe labeled 98-13228 testified that she performed the analysis on October 22, 1998, and that the crack pipe contained cocaine. Lampkin did not call any witnesses in his defense.
In closing arguments, the prosecutor reminded the jury that a state's witness had "looked [the jury] in the eye," and that an informant "told [the jury] truthfully" about his prior drug use and inability to recollect the price paid during one transaction. Lampkin's counsel did not object to these remarks, and the trial court did not give any limiting instructions to the jury with respect to the remarks.
The jury found Lampkin guilty on all four counts, and the trial court entered judgment and sentence upon him accordingly. Lampkin timely appealed, asserting the following assignments of error:
 I. The trial court, through flagrant and numerous abuses of discretion, amounting to prejudicial error, denied Appellant a constitutionally sound trial and a reliable verdict, in violation of his constitutional rights.
 II. Plain error was committed during the trial of Appellant, perpetrated, ignored, or condoned by the Court and it's (sic) officers, to the prejudice of Appellant.
 II.
In his first assignment of error, Lampkin alleges that the trial court erred by denying his Crim.R. 29(A) motion for acquittal. Lampkin based his Crim.R. 29(A) motion upon two alleged abuses of discretion that he believes deprived him of a fair trial. First, Lampkin asserts that the trial court erred by denying his Crim.R. 29(A) motion because the bill of particulars was inaccurate with respect to the first and second counts of the indictment. Second, Lampkin asserts that the trial court erred by denying his Crim.R. 29(A) motion because the trial court abused its discretion by permitting the state to introduce the 98-13228 laboratory report regarding the crack pipe.
Crim.R. 29(A) provides that the trial court may order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses charged. Pursuant to Crim.R. 29(A), a court shall not enter a judgment of acquittal if the evidence is such that reasonable minds can differ as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273;State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. When reviewing a trial court's decision on a motion for acquittal, an appellate court must construe the evidence in a light most favorable to the state. State v. Brown (1994), 99 Ohio App.3d 604,607, citing State v. Wolfe (1988), 51 Ohio App.3d 215, 216.
Crim.R. 29 does not provide for acquittal on grounds other than insufficiency of evidence. See, e.g., State v. Hartley (1988),51 Ohio App.3d 47, 48. Therefore, an error in the bill of particulars or an error in the admission of evidence cannot form the basis for a Crim.R. 29 motion for acquittal. Thus, if we evaluate Lampkin's argument as he structured it, we will be compelled to overrule it outright.
Lampkin sets forth potentially meritorious substantive arguments for reversal within his argument for acquittal. First, an error in the bill of particulars may provide the basis for reversal of a conviction if the error misled or prejudiced the defendant.State v. Kersey (1997), 124 Ohio App.3d 513, 518. Likewise, the erroneous admission of evidence may provide the basis for reversal of a conviction if it prejudiced the defendant. State v. Lowe (1994), 69 Ohio St.3d 527, 532; State v.Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968),390 U.S. 1024. In the interest of justice, we review the issues Lampkin raised in his argument for acquittal to determine whether Lampkin is entitled to reversal of his conviction and a new trial.
 A.
Lampkin asserts that the bill of particulars was inaccurate with respect to two counts of the indictment. With respect to the first count of the indictment for drug trafficking, the bill of particulars states that a police informant engaged in a "wired buy" from Lampkin. However, the audio tape which the police made from that transaction was unintelligible. Lampkin therefore concludes that the buy was not actually "wired," and that the bill of particulars is defective and inaccurate. The state counters that the bill of particulars is technically accurate, because the informant testified that he wore a wired audio transmitter. Moreover, the state asserts that the bill of particulars informed Lampkin of the exact nature of the charges against him, and therefore the accuracy of the term "wired buy" is of no consequence.
With respect to the second count of the indictment for drug trafficking, the bill of particulars states that the police drove their informant to a location a few blocks from the sale location, while the informant testified that he drove to the sale location. Again, Lampkin asserts that the bill of particulars is defective and inaccurate. The state argues that the informant's method of transportation is of no consequence because it does not relate to the exact nature of Lampkin's conduct or the charge against Lampkin.
Crim.R. 7(E) provides that, upon a proper request by the defendant, the prosecutor must provide the defendant "with a bill of particulars setting up specifically the nature of the offense charge and the conduct of the defendant alleged to constitute the offense." The purpose of the bill is to notify the defendant of the conduct that he is accused of engaging in, not to serve as a substitute for discovery. State v. Sellards (1985), 17 Ohio St.3d 169,171; Kersey at 518. The trial court will not set aside a verdict and we will not reverse a conviction due to a variance between the bill of particulars and the state's proof, "unless the defendant is misled or prejudiced by the variance." Kersey at 518, citing Crim.R. 33(E)(2).
In this case, the bill of particulars notified Lampkin of the specific conduct he engaged in and the nature of the offense charged against him. Specifically, the bill of particulars notified Lampkin of the date, time, location, and value of the crack cocaine sales. Regardless of whether the "wire" worn by the police informant worked or whether the informant approached Lampkin on foot or by car, the nature of Lampkin's offense and conduct remains the same. The bill of particulars did not mislead or prejudice Lampkin. Therefore, the accuracy of the challenged allegations in the bill of particulars is inconsequential in this case, and the trial court did not err by declining to acquit him based upon the variance between the bill of particulars and the evidence.
 B.
Lampkin next argues that the trial court abused its discretion by permitting the state to introduce the second laboratory report into evidence. Moreover, Lampkin asserts that he was prejudiced by the error because the record contains no other evidence that the crack pipe contained cocaine. The state asserts that the trial court did not err, and that, in any event, the testimony of the BCI scientist supports the jury's determination that the crack pipe contained cocaine.
Lampkin does not assert that all laboratory reports are inadmissible. Rather, he asserts that this particular laboratory report was not admissible because the state violated the Rules of Criminal Procedure by failing to produce the report until the morning of trial. In discovery, a criminal defendant is entitled to inspect and copy any scientific report generated in connection with his case. Crim.R. 16(A) (B)(1)(d). If the state fails to comply with an appropriate demand for discovery, the trial court, in its discretion, may impose a sanction. Lakewood v. Papadelis
(1987), 32 Ohio St.3d 1, 3; State v. Harcourt (1988), 46 Ohio App.3d 52,54. However, the trial court must impose the least severe sanction for that violation which is consistent with the purpose of the rules of discovery. Papadelis at paragraph two of the syllabus.
Where the state's failure to comply with an appropriate demand for discovery was not willful and did not cause prejudice to the defendant, the trial court shall not exclude the state's evidence. State v. Shade (1996), 111 Ohio App.3d 565, 568. The state's failure to disclose causes no prejudice when the information withheld either was not exculpatory or was not sufficient to show a reasonable probability that the verdict would have been different if the state had provided the information earlier. State v. Wallace (1997), 121 Ohio App.3d 494,499. Moreover, even if the trial court errs by refusing to suppress information not disclosed by the state until the day of trial, such an error may be harmless. Middletown v. Campbell
(1990), 69 Ohio App.3d 411, 420.
In this case, the trial court determined that the state violated Crim.R. 16 by providing Lampkin with the wrong laboratory report. The trial court further determined that the state did not willfully withhold the report, and that the state corrected the error, "as seasonably as they could once they became aware of it." Additionally, the trial court found that Lampkin was not prejudiced by the state's failure to produce the report earlier. The report did not contain exculpatory evidence, and Lampkin does not point to any evidence showing a reasonable probability that the jury would have returned a not guilty verdict had the state disclosed the report earlier. Thus, Lampkin was not prejudiced by the state's failure to provide him with the correct report earlier.
Moreover, even if the trial court had prevented the state from introducing the report into evidence, the state presented the testimony of the BCI analyzing scientist, which alone constituted sufficient evidence that the crack pipe contained cocaine. Lampkin did not present any evidence that his crack pipe did not contain cocaine. Thus, even if the trial court did err by failing to suppress the report, the error was harmless.
In sum, the bill of particulars did not mislead or prejudice Lampkin. Additionally, the state's discovery error was neither willful nor prejudicial. For these reasons, we find that the trial court did not err by denying Lampkin's motion for acquittal, and that Lampkin is not entitled to a new trial. Accordingly, we overrule Lampkin's first assignment of error.
 III.
In his second assignment of error, Lampkin asserts that the trial court committed plain error by ignoring improper comments made by the prosecutor during closing arguments. Lampkin also asserts that his trial counsel was ineffective in his failure to object to the prosecutor's comments. The state contends that the prosecutor made no improper comments.
 A.
Lampkin concedes that his trial counsel did not object to the prosecutor's closing argument. However, Lampkin asserts that the prosecutor's improper comments amount to plain error pursuant to Crim.R. 52(B). Crim.R. 52(B) provides that a plain error in the proceedings that affects substantial rights may be noticed even though it was not brought to the attention of the court. An appellate court that reviews a proceeding for plain error must examine the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error did not occur. State v. Slagle (1992), 65 Ohio St.3d 597,604. The Supreme Court of Ohio has cautioned that "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
To determine whether comments made by a prosecutor during closing argument amount to misconduct warranting a mistrial, we must examine "whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Smith (1984), 14 Ohio St.3d 13, 14. In order for a defendant to successfully move for a new trial based upon prosecutorial misconduct, the defendant must show that the prosecutor's remarks deprived the defendant of a fair trial.State v. Keenan (1993), 66 Ohio St.3d 402, 405; State v. Maurer
(1984), 15 Ohio St.3d 239, 266. It must be clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found the defendant guilty. Smith,14 Ohio St.3d at 15.
Prosecutors are afforded a certain degree of latitude in their closing arguments. Keenan, 66 Ohio St.3d at 409. In evaluating a closing argument, we do not take the prosecutor's comments out of context or give them their most damaging meaning. State v. Hill
(1996), 75 Ohio St.3d 195, 203, citing Donnelly v. DeChristoforo
(1974), 416 U.S. 637, 647. "A closing argument must be viewed in its entirety to determine prejudice." Hill at 204, citing Statev. Byrd (1987), 32 Ohio St.3d 79, 82. Prosecutors may not express their personal beliefs or opinions as to the credibility of a witness or the guilt of the accused, and may not allude to matters outside the record. State v. Smidi (1993), 88 Ohio App.3d 177;State v. Thayer (1931), 124 Ohio St. 1. However, "a prosecutor may state his opinion if it is based on the evidence presented at trial." State v. Mason (1998), 82 Ohio St.3d 144,162. See, also, State v. Reynolds (1998), 80 Ohio St.3d 670, 680
(statements reflecting personal opinions of credibility based upon evidence, "though frowned upon * * * are not deemed to be prejudicially erroneous")
In this case, the prosecutor remarked that a state's witness looked the jury in the eye as he testified. Lampkin asserts that the prosecutor effectively commented upon the credibility of the state's witness because the phrase "looked you in the eye" is a colloquialism for truthfulness. However, we decline to give the prosecutor's comment its most damaging possible meaning. Rather, the more plausible reading of the prosecutor's comment reflects that he drew the jury's attention to the demeanor of the state's witness. The jury's duty is to evaluate the credibility of witnesses based in part upon their demeanor. Accordingly, we find that the prosecutor's comment was entirely proper.
The prosecutor also commented that the state's informant testified truthfully about his prior drug use, and that the informant's lapse in memory was a sign of his truthfulness. Again, we decline to construe this comment in the most damaging possible light. The prosecutor did not state an opinion regarding Lampkin's guilt or the credibility of the informant's testimony regarding Lampkin's guilt. Rather, the prosecutor reminded the jury that the informant admitted to forgetting details and to using drugs in the past. In effect, the prosecutor reminded the jury to consider the informant's conduct on the witness stand when assessing his credibility. Therefore, we find that the comment was proper. To the extent that the prosecutor commented on the witness's credibility, he did not prejudice Lampkin, because he did not vouch for the truth of any statement bearing directly upon Lampkin's guilt.
Finally, Lampkin complains that the prosecutor told the jurors that finding Lampkin innocent was the equivalent of calling a police officer a liar. However, we find that the prosecutor did not express an opinion as to a witness's credibility by arguing that the witness's testimony is only consistent with one result. Finally, we note that, immediately prior to closing arguments and during its jury instructions, the trial court reminded the jury that closing arguments do not constitute evidence.
We cannot say beyond a reasonable doubt that the jury would not have convicted Lampkin absent the prosecutor's comments. Therefore, we find that the prosecutor's comments did not amount to error, let alone plain error.
 B.
Lampkin also asserts that his trial counsel was ineffective because counsel failed to object to the prosecutor's comments in closing argument. To sustain a claim of ineffective assistance of counsel, a party must show both that his counsel's performance was deficient and that he suffered prejudice as a result of that deficient performance. Strickland v. Washington (1984),466 U.S. 668; State v. Nicholas (1993), 66 Ohio St.3d 431; State v. Smith
(1985), 17 Ohio St.3d 98.
In order to demonstrate prejudice arising from counsel's deficient performance, a defendant must prove that a reasonable probability exists that, were it not for counsel's errors, the result of his trial would have been different. State v. Bradley
(1989), 42 Ohio St.3d 136. Reasonable probability means "sufficient to undermine the confidence in the outcome," not merely "some conceivable effect." Id. See, also, State v. Ayala
(1996), 111 Ohio App.3d 627.
In this case, we already determined that the result of Lampkin's trial would not have been different even absent the prosecutor's comments. The prosecutor's remarks were proper and did not deprive Lampkin of a fair trial. Lampkin suffered no prejudice as a result of the prosecutor's comments. Thus, the result of Lampkin's trial would not have changed had his counsel objected to the comments at trial.
We find that Lampkin received effective assistance of counsel. Accordingly, we overrule Lampkin's second assignment of error.
 IV.
In conclusion, we find that the trial court did not err by denying Lampkin's Crim.R. 29 motion for acquittal. Additionally, we find that the trial court did not err by failing to either give limiting instructions or grant a mistrial based upon the prosecutor's closing argument. Accordingly, we overrule each of Lampkin's assignments of error, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
EVANS, J.: Concurs in Judgment and Opinion.
 HARSHA, J.: Concurs in Judgment and Opinion as to A/E I. Concurs in Judgment Only as to A/E II.
For the Court
 By:_________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.