OPINION
In this timely appeal, Robert W. Barnes ("Appellant") challenges the judgment of the Belmont County Court, Eastern under R.C. §2919.25(A). For the following reasons, this Court must affirm the judgment of the trial court.
On July 11, 2000, Dawn Barnes, Appellant's estranged wife, filed a complaint alleging Appellant committed domestic violence, in violation of R.C. § 2919.25(A). The matter proceeded to a bench trial on September 7, 2000. Ms. Barnes and two of her neighbors, Rhonda Leasure and Brenda Uchbar, testified on behalf of the prosecution. The three women recounted that during an argument on the evening of July 11, 2000, Appellant pulled Barnes' hair, grabbed her by the throat, and then shoved her against the front door of the couple's duplex. (Trial Tr. pp. 7-8, 27-28, 47-48). The altercation took place on the couple's front porch, apparently in front of numerous witnesses, including the couple's two young children. (Trial Tr. pp. 7, 29, 48-49). According to the witnesses who testified, Appellant had consumed a great deal of alcohol in the hours preceding the argument. (Trial Tr. pp. 5-6, 12, 30, 42). Ms. Barnes testified that she sustained no visible injury from the attack. (Trial Tr. p. 21).
When Ms. Uchbar took the witness stand, defense counsel objected, stating that he had not received notice that she was a potential prosecution witness. (Trial Tr. p. 44). The prosecution admitted that it had neglected to give Appellant a list of the prosecution witnesses. (Trial Tr. p. 45). When Ms. Uchbar completed her account of the incident, the state rested its case. Appellant then asked the trial court for time to evaluate the case in light of Ms. Uchbar's unanticipated testimony. (Trial Tr. pp. 58-59). Over the prosecution's objection, the trial court granted the request and continued the matter for two weeks.
When the parties returned to court for the balance of the trial, in addition to Appellant's testimony denying Ms. Barnes' allegations, Appellant apparently called a witness by the name of Sherry Kilgore to rebut the prosecution's case. This Court can only speculate about the substance of either witnesses' testimony, however, because the entire defense case and most of the closing arguments were omitted from the record on appeal. Ultimately, the court found Appellant guilty of domestic violence and sentenced him to a thirty-day jail term with twenty of those days suspended. The court imposed a $200.00 fine and indicated that it would allow Appellant to serve his time on work release provided that he extend his term to fourteen days. (Judgment Entry, September 21, 2000).
Appellant filed his notice of appeal on September 28, 2000. The trial court thereafter stayed the execution of Appellant's sentence pending the outcome of this appeal. In his first assignment of error Appellant complains,
 "THE TRIAL COURT FOUND THE DEFENDANT GUILTY OF DOMESTIC VIOLENCE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that his conviction for domestic violence is contrary to the manifest weight of the evidence. According to Appellant, the state's witnesses all had, "serious credibility problems." (Appellant's Brf. p. 6). Appellant contends that the victim conspired with the other prosecution witnesses to secure Appellant's domestic violence conviction because the victim sought to regain custody of the couple's two children.
Before addressing the merits of Appellant's assignment of error, this Court is compelled to remark on two notable deficiencies involving Appellant's brief and supporting record which have hampered this Court's ability to address the issues Appellant raises. First, the brief, filed with the assistance of counsel, lacks citation to any legal authority and thereby contravenes App.R. 16. In some instances, egregious examples of such failed compliance have prompted the outright dismissal of an appeal. See State v. Vandal (Jan. 26, 2000), Medina App. No. 2983-M, unreported; and State v. Hamlin (July 23, 1997), Lorain App. No. 96CA006498, unreported.
The second difficulty this Court is forced to overcome in reviewing Appellant's case is the inadequacy of the record on appeal. The transcript of proceedings omits the testimony provided by Appellant's witnesses even though it appears from the overall record that a defense witness may have corroborated Appellant's version of the occurrence. In fact, the record Appellant has submitted to this Court not only omits all of the defense case, it also fails to reflect any defense motion for a directed finding under Crim.R. 29(A) and most of both parties' closing arguments.
Under App.R. 9(B), Appellant bears the burden of affirmatively demonstrating error on appeal. Wray v. Parsson (1995), 101 Ohio App.3d 514,518. Therefore, in presenting his assignments of error to this Court, it is Appellant's obligation to provide a record of facts, testimony and evidentiary matters necessary to address them. Id. Because a substantial portion of the trial court proceeding is missing from the record on appeal, several claims leveled in Appellant's statement of facts find no support in the record and must be disregarded. Appellant's inexplicable failure to provide this Court with a complete record is particularly vexing given that in his first assignment of error Appellant challenges the manifest weight of the evidence, which, in order to address this assignment, requires that this Court examine the entire trial record. Thus, Appellant has left us unable to adequately review his claims.
A challenge to the weight of the evidence presumes that the state's evidence was legally sufficient to support a conviction. State v.Thompkins (1997), 78 Ohio St.3d 380, 388. In Thompkins, the Supreme Court noted that even when a reviewing court concludes that the judgment below was supported by sufficient evidence, it is nevertheless entitled to consider whether the judgment is against the weight of the evidence.Id. at 387.
A determination of the manifest weight of the evidence concerns the inclination of the greater amount of credible evidence offered at trial to support one side of the issue rather than the other. Here, the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in the mind of the factfinder, it finds the greater amount of credible evidence supports that party's claim. State v. Layne
(March 1, 2000), Mahoning App. No. 97 CA 172, unreported, citingThompkins, supra at 387, quoting Black's Law Dictionary, 1594.
Analysis under the manifest weight of the evidence standard requires a court of appeals to review the entire record, reweigh the evidence and all reasonable inferences, consider the credibility of witnesses and resolve conflicts. Such determinations place the court of appeals in the position of "thirteen juror." Id., citing Tibbs v. Florida (1982),457 U.S. 31, 42.
The authority to reverse and remand a conviction as contrary to the manifest weight of the evidence is to be used cautiously and exercised only in that rare and exceptional case where the evidence weighs heavily against the conviction, demonstrating that the factfinder clearly lost its way and thus, resulting in a miscarriage of justice. Thompkins,78 Ohio St.3d 380 at 387. A reviewing court will not reverse a verdict where there is substantial evidence upon which a finder of fact could reasonably conclude that all the essential elements of the offense have been proven beyond a reasonable doubt. State v. Baker (1993),92 Ohio App.3d 516, 538, citing State v. Jenks (1991), 61 Ohio St.3d 259.
In undertaking this review, the appellate court must give substantial deference to the trier of fact's conclusions with respect to witness credibility. State v. Hill (1996), 75 Ohio St.3d 195, 205, citing Statev. DeHass (1967), 10 Ohio St.2d 230, 231. We recognize that the trial court is in a superior position to view the witnesses and observe their demeanor, gestures and voice inflections, all of which are critical to a resolution of each witness' credibility. State v. Scott (March 9, 1998), Mahoning App. No. 95 C.A. 140 (unreported), citing State v. Antill
(1964), 176 Ohio St. 61 and Baker, supra at 538. R.C. § 2919.25(A) prohibits anyone from, "knowingly causing or attempting to cause physical harm to a family or household member." Ms. Barnes and her two eyewitnesses testified that Appellant pulled her hair, grabbed her throat and shoved her head against the plexiglass front door of the couple's duplex. The witnesses further testified that the couple's children had been clinging to Ms. Barnes' legs at the time and that they, too, could have been injured. The testimony indicates that the couple had argued a great deal on the night of the incident and that police had previously visited the home. (Trial Tr. pp. 8, 31-32, 50).
Appellant attacks the credibility of these witnesses in light of the evidence elicited during their respective cross-examinations. As Appellant accurately notes, during cross-examination of these witnesses, defense counsel was able to reveal several inconsistencies between their respective accounts. Those cross-examinations also suggested that the victim and her witnesses had a motive to testify falsely. However, the trial court, who observed these witnesses throughout their testimony, concluded that the prosecution had proven its case. (Trial Tr. p. 63). Specifically, the trial court found,
 "It appears to the court that the police were called twice and if Ms. Filgore (sic) observed something, it was the first incident when they were called, which they didn't appear to have enough to escort either one of them from the scene, so the police left. * * *"
Accordingly, the trial court concluded that Appellant's witness (who apparently testified that there had been no domestic violence) left the house that night before the violence occurred:
 "There's three witnesses, Ms. Barnes and her two witnesses that testified that he grabbed her by the throat and pulled her hair and shoved her and these are all consistent with domestic violence." (Trial Tr. p. 63).
In his challenge to the manifest weight of the evidence, Appellant asks this Court to overrule the trial court's determination with respect to the credibility of the prosecution's witnesses. As noted above, however, it is axiomatic that credibility determinations are properly reserved for the trier of fact. State v. DeHass, supra, 231. In the face of conflicting testimony, where either party's version may be true, this Court has no authority to pick and choose among the versions presented.State v. Gore (Feb. 17, 1999), Mahoning App. No. 94 CA 97, unreported, *2. "Instead, [this Court] must accede to the [trier of fact] who `is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" Id., quoting Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
Since Appellant's challenge to the manifest weight of the evidence is based on a dispute over the relative credibility of the witnesses and since we are presented with only a partial transcript with which to review the matter, this Court will not overturn the trial court judgment as contrary to the manifest weight of the evidence. Appellant's first assignment of error necessarily must fail.
In his second assignment of error Appellant contends that,
 "THE TRIAL COURT ERRED BY PERMITTING BRENDA UCHBAR TO TESTIFY OVER DEFENSE COUNSEL'S OBJECTION DESPITE NOT BEING DISCLOSED IN DISCOVERY."
Appellant complains that he was unfairly surprised by the testimony of Ms. Uchbar because the prosecution failed to disclose her as one of their witnesses. Appellant asks this Court to remedy the error by striking her testimony and remanding the case so that the trial court can reconsider its judgment. Based on the record presented this assignment of error also lacks merit.
Discovery in criminal cases is governed by Crim.R. 16. That provision requires the prosecution, upon written request from the defense, to tender, among other things, a list detailing the names, addresses and any criminal background of the witnesses the state intends to call at trial. Crim.R. 16(e).
In the instant case, it is questionable that the defense ever submitted a request for discovery. As the prosecution admits that such a list was not provided, it is apparent that a discovery violation, whether intentional or not, did occur. Moreover, because Ms. Uchbar did not provide a statement to police and was apparently not listed in any police report associated with this case, defense counsel's claim that he was surprised when the prosecution called her as a witness appears justified.
Upon Appellant's timely complaint to the trial court that he had no prior notice of this witness or the substance of her testimony, the court remedied the problem by granting Appellant's request for a two-week continuance. (Trial Tr. p. 59). Despite the trial court's remedial efforts, Appellant now argues that defense counsel was not able to "prepare" for the witness' testimony. (Appellant's Brf. at p. 9).
Appellant's argument is completely unsupported. Crim.R. 16 equips the trial court with an array of remedies intended to address discovery violations. Accordingly, when the trial court learns that one party failed to comply with its duty to disclose, the court may, "* * * order such party to permit the discovery or inspection [of evidence], grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just." Crim.R. 16(E)(3).
When a discovery violation occurs, it is generally left to the discretion of the trial court to determine the appropriate sanction.State v. Black (Nov. 15, 2000), Crawford App. No. 3-2000-14, unreported, citing, State v. Scudder (1994), 71 Ohio St.3d 263, 268. Reversal of any ruling under such a deferential standard requires the reviewing court to find that it was unreasonable, arbitrary or unconscionable and that it goes beyond merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
When the trial court undertakes to remedy a discovery violation, it should choose the least severe sanction available consistent with the discovery rules. State v. Shade (1996), 111 Ohio App.3d 565, 567, citingState v. Parker (1990), 53 Ohio St.3d 82, 86. Thus, it is generally seen as improper to sanction a party by barring the testimony of a previously undisclosed witness where the violation is not willful and the substance of the witness's testimony does not take the defense completely by surprise. Shade, supra, at 568.
In the instant case, the trial court did not abuse its discretion when it chose to grant Appellant's request for a continuance rather than bar Ms. Uchbar from testifying altogether. The two-week continuance enabled defense counsel to further investigate the case in light of Ms. Uchbar's testimony. Had Appellant developed additional information further undermining this witness's account, he could have recalled the witness or otherwise elicited such information during the presentation of the defense case. Moreover, notwithstanding Appellant's claim that this witness took the defense by surprise, during cross-examination counsel was still able to elicit testimony which appears to support the defense theory that the witnesses were conspiring with the victim to help her gain custody of the couple's children.
As we must overrule both of Appellants assignments of error, the trial court's decision in this case is hereby affirmed.
Vukovich, P.J., and DeGenaro, J., concurs.