THE STATE OF OHIO, CROSS-APPELLEE, *v.* PARKER, CROSS-APPELLANT.

[Cite as State *v.* Parker (1990), 53 Ohio St. 3d 82.]

(No. 88-2045—Submitted April 18, 1990—Decided August 8, 1990.)

*Rocky A. Coss,* prosecuting attorney, for cross-appellee.

*John F. Jackson,* for cross-appellant.

MOYER, C.J. Defendant first contends that the prosecutor failed to disclose or provide a tape-recording of his interview requested pursuant to Crim. R. 16, which tape was used to identify him and later offered in evidence on the issue of guilt.

Defendant's contention raises the question of whether the prosecutor's mistaken labeling of the tape of defendant's interview with Deputy Sheriff Taylor on October 25, 1986 as having been made with Deputy Sheriff Rayburn on October 2, 1986 resulted in prejudice to the defendant.

Crim. R. 16 provides in pertinent part:

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.

"(a) Statement of defendant or codefendant.

"Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made by the defendant or codefendant or copies thereof[.]"

The prosecution was obligated

under Crim. R. 16(B)(1)(a)(i) to disclose to the defendant that the tapes of his interviews were available for discovery. As the facts indicate, the prosecution disclosed the availability of the tapes to the defendant. However, the "Taylor tape" made on October 25, 1986 was mistakenly identified as made by Deputy Sheriff Rayburn on October 2, 1986. The question, then, is whether the mislabeling of the tape resulted in nondisclosure requiring the trial court to impose sanctions on the prosecution.

The philosophy of the Criminal Rules is to remove from a trial the element of gamesmanship. *State* v. *Howard* (1978), 56 Ohio St. 2d 328, 333, 10 O.O. 3d 448, 451, 383 N.E. 2d 912, 915. The purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to one party. *Lakewood* v. *Papadelis* (1987), 32 Ohio St. 3d 1, 3, 511 N.E. 2d 1138, 1140. A sanction should not be imposed under Crim. R. 16 unless the prosecutor's noncompliance is of sufficient significance to result in a denial of defendant's right to a fair trial. *Hughes* v. *Hopper* (C.A.5, 1980), 629 F. 2d 1036, 1039.

A trial court must inquire into the circumstances producing the alleged violation of Crim. R. 16. The court is required to impose the least severe sanction that is consistent with the purpose of the rules of discovery. *Lakewood, supra,* at 5, 511 N.E. 2d at 1141. "Where, in a criminal trial, the prosecution fails to comply with Crim. R. 16(B) * * * and the record does not demonstrate (1) that the prosecutor's failure to disclose was a willful violation of Crim. R. 16(B), (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court

does not abuse its discretion under Crim. R. 16(E)(3) by permitting such evidence to be admitted." *State* v. *Parson* (1983), 6 Ohio St. 3d 442, 6 OBR 485, 453 N.E. 2d 689, syllabus.

It is important to emphasize that we are concerned here not with suppressed information but with mislabeled information. It cannot be said that the prosecutor's mislabeling of the tape was willful. A review of the record shows that the prosecution complied in good faith with defendant's discovery request. The mistake in the labeling of the tape was rather obvious, given that the crime occurred on October 25, 1986 and the tape was labeled October 2, 1986. The tape could not have been made before the crime. More important, the mislabeling of the tape in this instance is of no import as it did not go to the content of the tape. Defendant was privy to the content of the tape and was also made aware of the "Cooper tape" which contains basically the same information as the "Taylor tape." As such, he cannot and does not claim that he lacked foreknowledge of the information contained in the tape. See *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, 42, 3 O.O. 3d 18, 24, 358 N.E. 2d 1051, 1059-1060. As a matter of fact, defendant's objection at trial was not to the content of the tape but to the prosecutor's nondisclosure that the tape was used to identify the defendant.

For the foregoing reasons, we conclude that defendant was not prejudiced by the mislabeling of the tape.

We next consider whether pursuant to Crim. R. 16 the prosecutor was required to disclose to the defendant that he intended to introduce the "Taylor tape" as evidence of Karen Jones's identification of defendant.

The record indicates that the prosecution disclosed, and gave defendant permission to obtain, the information

sought by the defendant. Crim. R. 16(B) does not require the prosecution to disclose to the defendant the significance to the prosecution of information sought to be discovered by the defendant. The rule only requires the prosecution to disclose, and to permit the defendant to obtain, the information sought. See *Lakewood, supra,* at 3-4, 511 N.E. 2d at 1140; *Brown* v. *Harris* (C.A.2, 1981), 666 F. 2d 782, 785. There is no constitutional mandate that the prosecution disclose to the defense how it intended to use police investigatory work sought to be discovered by the defense. See *Moore* v. *Illinois* (1972), 408 U.S. 786.

We therefore conclude that defendant's contention is without merit.

Defendant also contends that an accused's rights to a fair trial and due process are violated when, under the totality of the circumstances, there is an impermissibly suggestive identification procedure which allows for a substantial likelihood of irreparable misidentification. Defendant essentially contends that he was denied his due process right to a fair trial because the manner in which his voice was taped and presented to Karen Jones created an impermissibly suggestive situation which tainted her identification of him.

Defendant failed to object to his identification by Karen. We therefore must determine whether plain error was committed.

It is the likelihood of misidentification which violates a defendant's right to due process. Suggestive confrontations are disapproved because they increase the likelihood of misidentification. *Neil* v. *Biggers* (1972), 409 U.S. 188. The purpose of a strict rule barring evidence of unnecessarily suggestive confrontation is to deter law enforcement officers from using a less reliable identification procedure where a more reliable one may be available.

The rule is not based on the assumption that in every instance the admission of evidence of such a confrontation offends due process. *Id.* at 199. Reliability is the linchpin in determining the admissibility of such evidence. *Manson* v. *Brathwaite* (1976), 432 U.S. 98, 114. An unnecessarily suggestive identification process does not violate due process if such identification possesses sufficient indicia of reliability. *Id.* at 106. The central question is whether under the totality of the circumstances the identification is reliable even though the confrontation procedure was suggestive. *Neil, supra,* at 199.

Where a witness has already identified a suspect in circumstances which are not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification, a subsequent identification procedure which may be impermissibly suggestive does not taint the original identification. *State* v. *Kaiser* (1978), 56 Ohio St. 2d 29, 10 O.O. 3d 75, 381 N.E. 2d 633, at paragraph one of the syllabus. In essence, a reliable identification does not become unreliable because of a subsequent identification which is impermissibly suggestive. The focus is on the reliability of the identification. *State* v. *Sheardon* (1972), 31 Ohio St. 2d 20, 60 O.O. 2d 11, 285 N.E. 2d 335; *State* v. *Lott* (1990), 51 Ohio St. 3d 160, 175, 555 N.E. 2d 293, 308.

The facts indicate that Karen, on her own initiative, first identified defendant as her assailant when Rayburn arrived at her home shortly after the crime. Her voice identification of defendant was based on her previous contacts with him, the last of which was two days before the crime. The facts also show that Karen had ample opportunity to listen to defendant's voice during the commission of the crimes and thus was in a position to

identify him. Under the circumstances, Karen's original identification of defendant was made in circumstances which are not impermissibly suggestive and has sufficient indicia of reliability. This identification was not tainted by the subsequent voice identification from a taped conversation with defendant which may have been made under impermissibly suggestive circumstances. Thus, the trial court did not commit plain error in admitting the evidence.

Our conclusion that Karen's original identification of defendant was reliable is further supported by evidence that Tony Jones's missing gun was recovered in defendant's car; that the contents of Karen's purse stolen by her assailant were recovered hidden under defendant's pants in his home; that Karen's assailant smelled of a gasoline product and that defendant worked with a gasoline product shortly before the crime; that a footpath in the wet grass leading from the Jones home to defendant's home was discovered by law enforcement officers soon after they arrived at the scene of the crime. See *Manson, supra,* at 116.

Based on the foregoing, we conclude that Karen's original identification of defendant, being reliable, was not tainted by a subsequent identification procedure which may have been impermissibly suggestive.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.