DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Kenneth Bellomy, appeals from his conviction and sentence for driving under the influence of alcohol and for possession of an open container of alcohol in a motor vehicle. We affirm.
On the evening of January 24, 1997, at approximately one thirty-five in the morning, Officer Mark Waggy observed a vehicle that was traveling at a high rate of speed coming towards him as he headed eastbound on Sunset Street. Waggy pulled Bellomy's vehicle over, became convinced that Bellomy was driving under the influence of alcohol, and arrested Bellomy.
Bellomy was charged with operating a motor vehicle while under the influence of alcohol, speeding, operating a vehicle left of center, and having possession of an open container of alcohol in a motor vehicle. After a trial on April 15, 1997, the jury found Bellomy guilty of operating a motor vehicle under the influence of alcohol. The judge found Bellomy guilty of possessing an open container of alcohol in a motor vehicle. The judge acquitted Bellomy of the left of center and speeding charges. Bellomy was sentenced to 30 days in jail, had his license suspended for three years, and was fined $750 plus court costs for the DUI conviction. In addition, Bellomy was fined $75 for the open container conviction.
Bellomy's counsel sought discovery of a list of witnesses that the state intended to call at trial. The state listed only one witness, Officer Waggy, in its response. On the morning of the trial, the state informed Bellomy's counsel that it would be calling two additional witnesses at the trial, Sergeant Byron Lyle and James Stukbauer. Sergeant Lyle and James Stukbauer's names were in the police report that was made available to Bellomy's counsel prior to the trial. Bellomy's counsel objected to these witnesses being called, and the trial court conducted a bench conference in order to address the issue. During the bench conference, Bellomy's attorney acknowledged that the two witnesses' names were included in the police report. The trial court overruled Bellomy's counsel's objection. Bellomy's counsel did not request a continuance.
Bellomy timely appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court committed prejudicial error by allowing the state to call two witnesses in its case in chief whose names were not included on the state's witness list submitted pursuant to a request for discovery and whose trial role was not divulged to defense counsel until the morning of the trial.
Bellomy contends that the trial court committed prejudicial error because it allowed, over Bellomy's objections, two witnesses to testify at trial when the state did not disclose them on its witness list. On the morning of the trial, the state informed Bellomy's counsel that these two witnesses would be testifying. Bellomy argues that the trial court evidenced an arbitrary attitude by failing to inquire into the circumstances surrounding the violation of a criminal discovery rule. We disagree.
The purpose of the discovery rules is to produce a fair trial by preventing surprise and the secreting of evidence favorable to one party. State v. Parker (1990), 53 Ohio St.3d 82, 86.
Crim.R. 16(E)(3) provides:
 If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it might make such other order as it deems just under the circumstances.
The Supreme Court has noted:
 [a] sanction should not be imposed under Crim.R. 16 unless the prosecutor's noncompliance is of sufficient significance to result in a denial of defendant's right to a fair trial.
State v. Parker, 53 Ohio St.3d at 86. The Supreme Court has acknowledged that a trial court must inquire into the circumstances producing the alleged violation of Crim.R. 16. Id. See State v. Wiles (1991), 59 Ohio St.3d 71, 78. Furthermore, the Ohio Supreme Court has held:
 [w]here, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B) * * * and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim. R. 16(B), (2) that foreknowledge of the statement would have benefitted the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted.
State v. Parker, 53 Ohio St.3d at 86, quoting State v. Parson
(1983), 6 Ohio St.3d 442, syllabus. In addition, a trial court properly concludes that a defense counsel is prepared to cross-examine witnesses when a defense counsel fails to move for a continuance. State v. Edwards (1976), 49 Ohio St.2d 31, 42-43, vacated on other grounds, 438 U.S. 911, 57 L.Ed.2d 1155. SeeState v. Finnerty (1989), 45 Ohio St.3d 104, 107-08.
Pursuant to App.R. 9(E), the parties stipulated to the following comments made during the bench conference:
 Ms. Williams: The State intends to call for its next two witnesses, Byron Lyle and James Stukbauer. These witnesses were not included on our witness list submitted to Mr. Flynn in response to his request for discovery. I informed Mr. Flynn of these witnesses just prior to trial this morning and he advised me he would object to my calling them.
 Mr. Flynn: That is correct, your Honor, we filed a request for discovery and the only witness the State put on its witness list was Ptl. Waggy. We have not had an opportunity to speak with the two witnesses or do any checking into their background, and we should object to these people being called as witnesses.
 The Court: I suppose you would have checked Sgt. Lyle's criminal background.
Mr. Flynn: Probably not.
 The Court: Were these peoples names in the police report that was submitted in response to discovery?
Ms. Williams: Yes they were.
 Mr. Flynn: Yes they were, however, they were not included on the witness list and we had no idea they were going to testify until this morning.
 The Court: Your objection is overruled. The witness may testify.
No evidence was presented in the record to demonstrate that the state's failure to disclose these two witnesses was willful. The record shows that Bellomy's counsel launched into cross-examination of these two witnesses without moving for a continuance. Furthermore, Bellomy's attorney was aware that these two witnesses were included in the police report before the trial date. Thus, the record fails to demonstrate that Bellomy was prejudiced or that foreknowledge of these witnesses' testifying would have benefitted the preparation of Bellomy's defense. We find that the trial court did not abuse its discretion by allowing the two non-listed witnesses to testify.
Bellomy's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY
FOR THE COURT
QUILLIN, J.
BAIRD, J.
CONCUR.