OPINION
Appellant Cedric Lamont Neeley appeals a judgment of the Stark County Common Pleas Court convicting him of aggravated robbery (R.C. 2911.01) with a firearm specification, and having weapons under disability (R.C.2923.13):
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN ADMITTING TAINTED IN-COURT IDENTIFICATIONS, THUS DEPRIVING THE DEFENDANT/APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY DENYING THE DEFENSE MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29 (A) AT THE CLOSE OF THE STATE'S EVIDENCE AND AGAIN AT THE CLOSE OF ALL THE EVIDENCE. IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION WHERE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR AGGRAVATED ROBBERY.
 ASSIGNMENT OF ERROR NO. 3 THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION AND THEREFORE, THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At approximately 11:00 p.m. on October 25, 2000, 19-year-old Jeremy Dentler drove into a Duke and Duchess gas station to purchase gas and cigars. Dentler got out of his car, went up to the store window, and purchased the items. He then walked back to his car. As he was unlocking the door, a red dot appeared on his chest. He looked up and saw two men approaching him, both carrying handguns.
Dentler noted that both men were black, and were wearing baggy clothes. One man was little taller than the other. The taller man appeared to be older than the shorter man. The taller man was wearing a stocking cap on his head, while the shorter man wore a red baseball cap turned backwards.
The taller man pointed the laser gun in Dentler's face. The shorter man also had a gun. The taller man asked Jeremy for drugs, and then asked if he had any money. Dentler replied that he did not have anything. Dentler looked toward a van parked on the side of the parking lot, and noticed a woman sitting inside. The taller man said to him, "Don't look at her," and struck Dentler twice in the head. Dentler fell to the ground. The men struck him several more times in the back of the head.
The two ripped off Dentler's jacket and shirt and demanded his car keys. The taller man got into the car, and said, "Don't fucking look, or you will die!" Dentler saw the men drive away in his car, and the van followed the car down the road. Dentler managed to get up, and go to the store window. The police were contacted and provided with a description of the vehicles involved.
At 11:08 p.m., Canton Police officers John Gabbard and Mike Talkington received a call concerning the disturbance at the gas station. The officers received descriptions of the vehicles and the direction in which they were heading. At 11:13 p.m., the officers observed two vehicles matching the descriptions, driving slowly together, in a westbound direction on 19th Street. The officers pulled behind the vehicles and activated their overhead lights. The Honda, belonging to Dentler, pulled over, but the van continued driving down the road. The driver's door of the Honda opened, and the driver stepped out. The driver fled, dropping a gun as he left the scene. A foot chase ensued. The driver was wearing dark blue jeans, boots, a blue jacket, a red shirt, and a blue cap. The second individual was caught behind a garage, along with the driver of the van. In addition, the officers recovered a .20 gauge shotgun and a .380 pistol in the grass near the two men. The two men the officer observed fleeing from the van and the Honda were appellant and his co-defendant.
Appellant was indicted with one count of aggravated robbery with a firearm specification, and one count of having weapons while under disability. The aggravated robbery charge and accompanying firearm specification proceeded to jury trial in the Stark County Common Pleas Court. At trial, Dentler identified appellant and his co-defendant as the two men who attacked him. The jury found appellant guilty. Appellant was convicted as charged. He then pled guilty to the weapons under disability charge. He was sentenced to five years incarceration for aggravated robbery, and three years actual incarceration for the firearm specification. Appellant was sentenced to eleven months incarceration for the weapons under disability conviction, to run concurrently with the sentenced for aggravated robbery.
 I
Appellant argues that the court erred by overruling his motion to strike Dentler's in-court identification of him as perpetrator of the crime, on the basis that the identification was unreliable.
In determining the reliability of an identification, the test to be applied is whether under the totality of the circumstances, the identification procedure was so suggestive that it created a substantial likelihood of irreparable misidentification. E.g., State v. Parker
(1990), 53 Ohio St.3d 82, 87. In making this determination, the court must consider: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the degree of attention of the witness, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time elapsed between the crime and the identification.Neil v. Biggers (1972), 409 U.S. 188, 189.
In the instant case, the perpetrators directly confronted Dentler with guns. They did not attempt to conceal their identities, and he had ample opportunity to observe them. He noticed specific things about the men, such as their race, relative height, and relative age. He described the guns the men were carrying, and recalled that it was the taller man's gun that had the laser. He described the clothing the two men were wearing. He noted that the taller man wore a knit stocking cap, while the shorter man wore a red ball cap worn backwards. He identified the two hats recovered from appellant and his co-defendant by the police as looking similar to the ones he noticed at the gas station. He recalled that the taller man did the talking, and was the man who drove the car away. Further, his description of the men matched the individuals caught by police minutes after the crime was committed, and they traveled in the vehicles described by Dentler. He was certain about his identification of the perpetrators. Further, the lapse of time between the incident and the in-court identification was not great. The crime occurred on October 25, 2000, and the case went to trial on January 16, 2001. The identifications by the victim were sufficient to permit his in-court identification of appellant. Any discrepancies in his description went the weight to be given the identification evidence, rather than its admissibility.
Appellant also claims that the identification was inherently unreliable simply because appellant and his co-defendant were the only African-American men in the courtroom at the time the identifications were made. In support of his argument, appellant cites State v. Pearson
(1996), 114 Ohio App.3d 168. While the court in Pearson held that the identification procedure was unreliable in that case, in Pearson, the court based its decision on the fact that appellant was only the person in the courtroom wearing jail attire, and further on the fact that the victim acknowledged that her attacker was wearing a dark hooded sweatshirt pulled to his eyebrows, and had a bandana covering his face.Id. at 170.
In the instant case, it is impossible to prevent the possibility that in some cases the only African-American in the courtroom is the defendant himself. Further, unlike the defendant in Pearson, appellant and his co-defendant made no attempt to conceal their identities from the victim at the time of the crime.
The first assignment of error is overruled.
 II III
In his second and third assignments of error, appellant argues that the verdict is against the sufficiency and manifest weight of the evidence. In both assignments of error, appellant contents that the State failed to prove appellant's identification as the perpetrator beyond a reasonable doubt.
The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v.Thompkins (1997), 78 Ohio St.3d 380. In considering whether the evidence is sufficient to support a verdict, the inquiry is whether the evidence is legally sufficient to support the verdict as a matter of law. Id. at 386. A verdict not supported by sufficient evidence violates due process. Id.
On the other hand, weight of the evidence concerns the inclination of the greater amount of evidence offered at trial to support one side of the issue rather than the other. Id. at 387. Weight is not a question of mathematics, but depends on its effect on inducing belief. Id. The court must determine whether the jury, in resolving the conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice in convicting the accused of the offense charged. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
In the instant case, the identification of appellant as one of the perpetrators is not against the manifest weight or sufficiency of the evidence. As discussed in Assignment of Error I, Dentler was able to describe the appearance of his attackers, and what they were wearing. Further, the subsequent investigation and apprehension of appellant and his co-defendants supported Dentler's identifications of the men as the perpetrators. Appellant and his co-defendant were found moments after the attack, driving in the victim's car, and in a van matching the victim's description. Their clothing was consistent with the victim's description. Further, the weapons recovered were consistent with the description given by the victim.
The second and third assignments of error are overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.