JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Sherry Marshall appeals from her conviction for telephone harassment, a first-degree misdemeanor, in violation of R.C. 2917.21, following a bench trial.
Marshall had been having an affair with her victim's husband and began to call the victim and taunt her about the affair. Both the victim and Marshall testified at trial. During the victim's testimony, the state introduced copies of lascivious e-mail messages sent between Marshall and the victim's husband The printed copies of the e-mails had been mailed from Cincinnati to the victim's home in Charlotte, North Carolina. Nearly two months before the trial, Marshall had filed a demand for discovery including "written, recorded, or other oral statements made by the Defendant." The e-mails were disclosed only on the day of trial. The trial court admitted the e-mails over Marshall's objection.
In a single assignment of error, Marshall argues that the trial court erred in admitting the e-mails into evidence. The purpose of the discovery rules is to produce a fair trial and to avoid trial by surprise and the secreting of evidence favorable to one party. See State v. Parker (1990), 53 Ohio St.3d 82, 86,558 N.E.2d 1164. A trial court's admission of undisclosed evidence will not constitute an abuse of the discretion conferred under Crim.R. 16(E)(3), "unless the record shows that the prosecutor's discovery violation was willful, that foreknowledge [of the undisclosed evidence] would have benefited the accused in preparing his defense, or that the accused was unfairly prejudiced" by the admission of the evidence. State v. Otte
(1996), 74 Ohio St.3d 555, 563, 660 N.E.2d 711; see, also, Statev. Penland (1998), 132 Ohio App.3d 176, 185, 724 N.E.2d 841.
Here, the assistant prosecutor offered as her explanations for failing to disclose the e-mails that she "was not the prosecutor that did discovery," and that "[t]hey brought this evidence with them [from North Carolina], and it was not in State's possession prior to today." While ineptitude and inattention by the prosecutor is no excuse for failing to comply with a properly made request for discovery, it does not, in this case, rise to the level of a willful violation of the discovery rules.
The record does not demonstrate that the timely disclosure of the e-mails would have benefited Marshall in preparing her defense or how she was prejudiced by their admission. Marshall testified in her own defense well after the e-mails had been disclosed. See State v. Penland, 132 Ohio App.3d at 186,724 N.E.2d 841. She denied sending them to the victim and claimed that a similar set had been sent to her employer. The trial court properly offered Marshall a recess and any continuance necessary to review the e-mails and to modify her defense. After conferring with his client, Marshall's trial counsel indicated that they would not need a "continuance to revise trial strategy and proceeded to trial." Id. As the trial court did not abuse its discretion, the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman, and Sundermann, JJ.