DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Fulton County Court, Eastern District. Appellant, David M. Haupricht, appeals the trial court's denial of his motion to suppress and asserts the following assignment of error:
{¶ 2} "The trial court erred in refusing to grant the appellant's motion to suppress."
{¶ 3} On October 28, 2003, Deputy Nicholas Rubel of the Fulton County Sheriff's Office was notified by dispatch that a school bus driver reported that a motor vehicle failed to stop for the school bus when children were exiting and entering that bus. Deputy Rubel spoke with the bus driver and the transportation director, who was also on the bus at the time of the incident. In addition, he obtained a report that included the date, time, location, and registration of the vehicle that failed to stop. Upon running a computer check of the vehicle registration, the officer learned that the vehicle in question was a white GMC tractor-trailer owned by appellant. The deputy also learned the name, address, and telephone number of a third witness, Michael Nofzinger. When the officer spoke with Nofzinger, he provided the license plate number on the tractor-trailer.
{¶ 4} Subsequently, the deputy drove to appellant's residence, but there was no one home. Although there were several vehicles parked on the property, none were the white GMC tractor-trailer. When Rubel was able to contact him by telephone, appellant first claimed that his truck was parked in his driveway all day and, to the best of his knowledge, was never moved. After asking appellant whether the vehicle might have been stolen, the deputy referred him to the authorities in Lucas County for the purpose of documenting the alleged theft.
{¶ 5} Rubel then obtained a LEADS photograph of appellant to show to the witnesses for identification. However, because Nofzinger was unavailable until after the end of Rubel's "shift," he gave the photo to Deputy Matt Smithmeyer. When Smithmeyer presented the photograph to Nofzinger on October 31, 2003, he identified appellant as the driver of the white GMC tractor-trailer that failed to stop for the school bus. Nofzinger was the only witness shown appellant's photograph.
{¶ 6} Appellant was charged with one count of failing to stop for a school bus, a violation of R.C. 4511.75, and one count of driving with a suspended license, a violation of R.C.4507.02(B)(1). He filed a motion to suppress contending, inter alia, that the photographic identification evidence obtained by appellee, the state of Ohio, was improperly suggestive.
{¶ 7} At the motion to suppress hearing, Nofzinger testified that he was behind the school bus in the southbound lane on the morning of October 28, 2003. He noted that the red lights on the school bus were flashing. While he was sitting stopped behind the school bus, Nofzinger saw a white tractor-trailer approaching from the north. As it "very slowly" passed the school bus and Nofzinger, he was able to see the driver who he described as having dark hair and a dark beard and being "really tanned" or "Spanish." Appellant's physical appearance conforms to this description.
{¶ 8} As the truck crept past Nofzinger's motor vehicle, he was able to write down the license plate number. He further testified that he "instantly" identified appellant as the driver of the white tractor-trailer when shown his photograph on October 31, 2003, and averred that he was certain with regard to this identification.
{¶ 9} After the trial court denied appellant's motion to suppress, he pled no contest to both charges, was found guilty, and was sentenced. This timely appeal followed.
{¶ 10} As an initial matter, we note the applicable standard of review on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. We must review the trial court's "findings of fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998),127 Ohio App.3d 414, 416 (Citation omitted.).
{¶ 11} On appeal, appellant contends that the use of a single photograph to seek identification is suggestive and violates his constitutional right to due process. Therefore, he maintains that the trial court should have suppressed Nofzinger's identification evidence. We disagree.
{¶ 12} "It is the likelihood of misidentification which violates a defendant's right to due process" State v. Parker
(1990), 53 Ohio St.3d 82, 87. In Manson, Corrections Comm'r v.Brathwaite (1996), 432 U.S. 98, 106, the United States Supreme Court held that "[t] he admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." Thus, the main issue in a case, such as the one before us, is whether, under a totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. Neil v. Biggers
(1972), 409 U.S. 188, 199. See, also, State v. Jells (1990),53 Ohio St.3d 22, 27. The factors to be considered in deciding the likelihood of misidentification are "the witness' opportunity to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id. at 199-200. See, also, State v. Davie
(1997), 80 Ohio St.3d 311, 321.
{¶ 13} In applying these factors to the case sub judice, we can only conclude that, under the totality of the circumstances, Nofzinger's identification of appellant was reliable. First, the witness had sufficient opportunity to view both the tractor-trailer and appellant while he was slowly passing Nofzinger's motor vehicle. Nofzinger stated that he focused his attention on appellant for approximately four to five minutes. His description of appellant was accurate, and when shown the photograph, he was certain that that this was the same person who failed to stop for the school bus. Finally, the length of time between the offense and the identification was not unduly long.
{¶ 14} Accordingly, appellant's single assignment of error is found not well-taken, and the judgment of the Fulton County Court, Eastern District, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.
Judgment Affirmed.
Handwork, J., Singer, P.J., Skow, J. Concur.