DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Bryan Municipal Court which, following a jury trial, found appellant, Anthony Larger, guilty of domestic violence, and sentenced him to fines, costs and restitution, and ordered him to serve 180 days in jail with 120 days suspended under certain conditions. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On appeal, appellant raises the following assignments of error:
 {¶ 3} "I. That the trial Court erred in denying the Defendant the opportunity to proffer evidence into the record to support the fact that he had been denied discovery in regards to the knife that was entered into evidence.
 {¶ 4} "II. That the Court failed to declare a mistrial when the Sheriff's Deputy Towns testified that the Defendant had exercised his right to remain silent after his Miranda warnings following being placed in custody before the Jury.
 {¶ 5} "III. That the Court erred in excluding the Defendant's photographs both as to the interior of the house and the alleged victim Ellen Simonis.
 {¶ 6} "IV. That the Trial Court erred in failing to exclude the knife from evidence in that the Defendant had not been provided discovery evidence that the knife actually had been recovered from his home."
 {¶ 7} Appellant's first and fourth assignments of error will be considered together as they both concern the admission of the knife allegedly used in this incident. Appellant argues that he was not told a knife was recovered at the scene. The state responded that appellant had been provided (1) a picture of the knife; (2) the incident report from the Sheriff's Department that described the knife that was seized as evidence;[1] (3) a narrative summary from the Sheriff's Department which referenced that a kitchen type knife, 10-12 inches long, was used as a weapon to threaten the alleged victim; (4) a 9-1-1 tape wherein the victim reported that appellant had come toward her with a knife and was attempting to do it again; and (5) the Sheriff's Department "LAW Incident Table" which stated, "Evidence Incident — 10-12 inch kitchen knife [serrated]."
 {¶ 8} Prior to trial, in order to demonstrate that he did not receive a photograph of the knife, appellant attempted to proffer two pages of photographs received from the state during discovery which did not contain a photograph of the knife. The trial court refused to accept these proffered copies. The knife was admitted as evidence over appellant's objection.
 {¶ 9} In general, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, 180. This court will not disturb a trial court's evidentiary ruling absent a finding of abuse of discretion, i.e., that the trial court's attitude was unreasonable, arbitrary or unconscionable and not merely "an error of law or of judgment."State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 10} Crim.R.16(B)(1)(c) provides that upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect documents and tangible objects in the possession, custody or control of the state which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial. When considering an alleged violation of Crim.R. 16, the trial court must "impose the least severe sanction that is consistent with the purpose of the rules of discovery." State v. Parker (1990),53 Ohio St.3d 82, 86. "Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B) * * * and the record does not demonstrate (1) that the prosecutor's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted." State v. Parson (1983), 6 Ohio St.3d 442, syllabus.
 {¶ 11} In this case, with respect to appellant's attempt to proffer the pages of photographs he did receive, we find that appellant was not prejudiced by their exclusion. Counsel stated that the copies of photographs he received did not contain a picture of the knife, but were only of the alleged victim and the interior of the residence where the incident occurred. The pages of photographs referred to by appellant were submitted as evidence during the state's case-in-chief and are contained in the record on appeal for our review. We therefore find that any error by the trial court in preventing appellant from proffering this evidence was harmless under the circumstances.
 {¶ 12} Moreover, even if appellant did not receive an actual photograph of the knife in question, there is ample reference to the seized knife within the Sheriff's Department's reports. There is no evidence that the state failed to disclose the existence of the knife, or that any alleged failure to do so was willful. Accordingly, we find that the trial court did not abuse its discretion by permitting the knife to be admitted into evidence. Appellant's first and fourth assignments of error are therefore found not well-taken.
 {¶ 13} Appellant argues in his second assignment of error that the trial court failed to declare a mistrial when Sheriff's Deputy Steven M. Towns testified that appellant had exercised his right to remain silent after being placed in custody and read his Miranda[2] warnings. Appellant objected to the following colloquy and asked for a mistrial:
 {¶ 14} Prosecutor: "Now, you said that you made contact with Mr. Larger. Did he make any statements to you as to injury to himself?"
 {¶ 15} Towns: "No, he did not. Like I said, we had, after he had been initially placed into the patrol car to, for security purposes so we could assess the situation, we then, you know, had spoken to the victim, went through the, the scenario. Mr. Larger was then taken back out of the patrol car, asked — advised of his Miranda warnings of the right to remain silent, not make any statements. He was advised he was going to be charged and arrested for domestic violence. He stated, you know, he did not want to make any statements."
 {¶ 16} The trial court sustained appellant's objection and instructed the jury "to disregard any comments made by the deputy as to refusing or not making a statement at that point," but denied appellant's motion for a mistrial. Appellant argues that the curative instruction did not eliminate the fact that his silence was brought to the jury's attention and that it became a matter for the jury to consider in making its determination as to appellant's guilt or innocence.
 {¶ 17} Where the accused asserts his constitutional right to remain silent, his silence may not be used against him. Doyle v. Ohio (1976),426 U.S. 610. In State v. Leach, 102 Ohio St.3d 135, 2004-Ohio-2147, ¶ 37, the Ohio Supreme Court held that the state's "substantive use" of a defendant's silence "substantially subverts the policies behind the Fifth Amendment privilege against self-incrimination and is not a legitimate governmental practice."
 {¶ 18} Doyle violations are reviewed pursuant to a harmless error standard. State v. Eck (Apr. 28, 2000), 6th Dist. No. S-98-050, citingUnited States v. Newman (C.A.9, 1991), 943 F.2d 1155, 1158. "In determining whether appellant has been prejudiced, this court must consider the extent of the comments, whether an inference of guilt from silence was stressed to the jury, and the extent of other evidence suggesting appellant's guilt." Id.
 {¶ 19} There is no indication in this case that the state attempted to establish appellant's guilt based upon his silence. The deputy's comment was an isolated reference to appellant's desire to remain silent and the trial court instructed the jury to disregard the deputy's comment in that regard.[3] Although appellant did not provide an entire transcript of the trial for our review, there is no suggestion that the state referenced appellant's silence during either opening or closing statements. Additionally, although it is unclear from the partial transcript whether the alleged victim testified, a copy of the 9-1-1 call, wherein the alleged victim declared that appellant was threatening her with a knife, was entered into evidence. Having found that a curative instruction was given, the comment was limited, that no inference of guilt from appellant's silence was stressed to the jury, and there was other evidence of appellant's guilt, we find that appellant was not prejudiced by Deputy Towns' testimony and that any error in this regard was harmless. Accordingly, we find that the trial court's denial of appellant's motion for new trial was not an abuse of discretion. See State v. Schiebel (1990), 55 Ohio St.3d 71, 76. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 20} Appellant argues in his third assignment of error that the trial court erred in excluding appellant's photographs of the victim's alleged injuries and the interior and exterior of the house where the domestic violence took place. The incident in this case occurred on August 21, 2005. The matter was originally set for trial on December 16, 2005, but was continued until February 14, 2006. On or about February 7, 2006, defense counsel was given pictures of the victim showing injury to her lip and elbow. According to counsel, he was not aware of the existence of the pictures prior to that time. Defense counsel notified the state of his intention to use the photographs at trial. The state filed a motion to preclude the use or admission of these photographs at trial, which the trial court granted.
 {¶ 21} Under the circumstances in this case, we find that the trial court did not abuse its discretion in excluding the photographs proffered by appellant. See State v. Sage, 31 Ohio St.3d at 180. The photographs were not disclosed in a timely fashion, the prosecutor was not given an opportunity to review them until the day of trial, and they were duplicative of photographs submitted by the state in its case-in-chief. Accordingly, we find appellant's third assignment of error not well-taken.
 {¶ 22} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Bryan Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, P.J.
Arlene Singer, J.
CONCUR.
[1] The report stated: "10-12 inch kitchen knife [serrated]. Taken from residence involved in Domestic Violence case. Evidence for criminal case."
[2] Miranda v. Arizona (1966), 384 U.S. 436.
[3] It is well known that a jury is presumed to follow the instructions of the trial court. State v. Loza (1994), 71 Ohio St.3d 61,79.