[Cite as *State v. Holcombe*, 2012-Ohio-5948.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                  CASE NO. 5-12-11

  v.

TRAVIS L. HOLCOMBE,                  **O P I N I O N**

   DEFENDANT-APPELLANT.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2011-CR-00271**

**Judgment Affirmed**

**Date of Decision:  December 17, 2012**

APPEARANCES:

   *Marissa A. Homrighouse* for Appellant

   *Alex K. Treece* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Travis Holcombe, appeals the judgment of the Court of Common Pleas of Hancock County convicting him of failure to comply with the order or signal of a police officer and assault. On appeal, Holcombe argues that the trial court erroneously allowed the State to introduce a video recording of the incident giving rise to his conviction. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On November 1, 2011, the Grand Jury of Hancock County indicted Holcombe with the following: (1) one count of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree; and (2) one count of assault in violation of R.C. 2903.13(A), a felony of the fourth degree. The indictment arose from an October 30, 2012 high speed automobile chase which ended with Holcombe fleeing Trooper Matt Greer of the Ohio State Highway Patrol on foot and attempting to punch Trooper Greer.

{¶3} The discovery process started soon after the indictment was handed down. On November 9, 2011, the State and Holcombe entered into a stipulation that both parties would comply with "their continuing duty to disclose pursuant to Criminal Rule 16." (Docket No. 7). On January 30, 2012, Holcombe filed a demand for discovery pursuant to Crim.R. 16 and the State answered on February 2, 2012.

{¶4} In the course of trial preparations, the State requested any videos of the automobile chase from the Highway Patrol. Originally, a sergeant with the Highway Patrol indicated that there were no videos of the incident. But, during a meeting on Thursday, February 9, 2012, Trooper Greer told Hancock Assistant Prosecuting Attorney Alex Treece that such a video existed. On Friday, February 10, 2012, Trooper Greer delivered a copy of the video to Treece at 9:30 a.m. Treece subsequently hand-delivered a copy to Holcombe's trial counsel at 10:00 a.m. Trial counsel reviewed the video by himself that morning and then again with Holcombe that afternoon. During the review of the video, Holcombe indicated to his lawyer that he thought the video was inauthentic.

{¶5} The trial of this matter was set to begin on Monday, February 13, 2012. That morning, Holcombe filed a motion *in limine* to exclude the video due to its late disclosure in violation of Crim.R. 16. Between *voir dire* of the jury and opening statements, the trial court conducted a hearing on the motion. During the hearing, Holcombe's trial counsel said that the late disclosure precluded him from thoroughly reviewing the video. Treece blamed the late disclosure on miscommunication between the Hancock County Prosecutor and the Highway Patrol. Treece also noted that Holcombe was in possession of the video for essentially the same amount of time as he was. Based on this evidence, the trial court denied Holcombe's request for the exclusion of the video.

{¶6} The matter then proceeded to opening statements and the introduction of evidence. Trooper Greer testified to the events of the high-speed automobile chase. At approximately 3:00 a.m., Trooper Greer initiated a traffic stop after his laser radar gun recorded that Holcombe's vehicle was exceeding the speed limit. Holcombe did not pull over despite Trooper Greer's activation of his cruiser's flashing lights or siren. Instead, Holcombe led Trooper Greer on a chase throughout Hancock County that featured speeds in excess of 120 miles per hour on Interstate 75 and speeds in excess of 50 miles per hour on residential side streets. The entire automobile chase lasted for approximately ten minutes.

{¶7} Trooper Greer indicated that after Holcombe lost control of his vehicle, he fled on foot and went onto a nearby residential property. Trooper Greer eventually caught up to Holcombe and tased him. Holcombe fell to the ground and rolled on his back which led Trooper Greer to deploy his taser again. After a few seconds, Holcombe was able to get off the ground. When he did so, he swung at Trooper Greer's face but missed. Trooper Greer responded by punching Holcombe twice in the face and macing him. At that time, Trooper Greer requested the assistance of Jay Helms, the resident of the property on which the scuffle occurred. Helms complied and helped Trooper Greer in subduing and handcuffing Holcombe.

{¶8} During Trooper Greer's testimony, the State introduced the video of the automobile chase after he explained that the recording equipment in his cruiser is activated whenever he turns the overhead lights on. The video was consistent with Trooper Greer's description of the chase. Further, while the video did show the chase, it did not show the scuffle between Trooper Greer and Holcombe that resulted in the alleged punch.

{¶9} On February 14, 2012, the jury heard closing statements and then returned guilty verdicts on both counts as alleged in the indictment. The matter then proceeded to sentencing with a hearing on February 22, 2012. In a judgment entry dated February 29, 2012, the trial court handed down consecutive sentences of 36 months for the failure to comply with order or signal of a police officer and 14 months for the assault.

{¶10} Holcombe filed this timely appeal, presenting the following assignment of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED BY ALLOWING THE STATE TO INTRODUCE A DVD RECORDING INTO EVIDENCE CAUSING SURPRISE AND PREJUDICE TO DEFENDANT-APPELLANT.**

{¶11} In his sole assignment of error, Holcombe contends that the trial court's refusal to exclude the video recording of the automobile chase from evidence was against the dictates of Crim.R. 16. Specifically, Holcombe contends

that the trial court should have excluded for three reasons: (1) the State willfully concealed the video until the eve of trial; (2) he would have benefited from receiving the video earlier, and (3) the late disclosure prejudiced the preparation of his defense. We disagree.

*Crim.R. 16 Standard*

**{¶12}** We review a trial court's decision regarding a Crim.R. 16 discovery sanction for abuse of discretion. *State v. Gibson*, 3d Dist. No. 1-06-74, 2007-Ohio-3345, ¶ 12. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 16-18, citing *Black's Law Dictionary* 11 (8th Ed.2004). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Nagle*, 11th Dist. No. 99-L-089 (June 16, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶13}** Crim.R. 16 governs the discovery and inspection process in criminal matters. The purpose of the rule "is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts [and] to protect the integrity of the justice system and the rights of defendants." Crim.R. 16(A). When the rule is violated, the trial court is empowered to compel the discovery of previously undisclosed evidence, order a continuance, prohibit the

introduction of previously undisclosed evidence, or fashion any other order that is "just under the circumstances." Crim.R. 16(L)(1).

{¶14} When fashioning a sanction under Crim.R. 16(L)(1), a trial court is duty-bound to develop the "least severe sanction that is consistent with the rules of discovery." *State v. Parker*, 53 Ohio St.3d 82, 86 (1990). Accordingly, under *State v. Heinish*, 50 Ohio St.3d 231 (1990), the State's failure to disclose evidence under Crim.R. 16 supports the evidence's exclusion only in the following scenarios: (1) where the state's non-disclosure was willful or in bad faith; (2) where the defendant would have benefited from foreknowledge of the evidence; or (3) where the defendant suffered prejudice from the evidence. *Id*. at syllabus; *see also Parker* at 86 (stating that a trial court should only exclude the State's evidence if its "noncompliance is of sufficient significance [to] result in a denial of [a] defendant's right to a fair trial"); *State v. Terry*, 130 Ohio App.3d 253, 260 (3d Dist. 1998) (adopting *Heinish* test). Since Holcombe has requested the exclusion of the video, we must assess whether the evidence in the record satisfies any of the three *Heinish* scenarios.

*Willfulness or Bad Faith Nature of State's Late Disclosure*

{¶15} The term "willful" is usually defined as "an intentional deviation from a clear duty or from a definite rule of conduct * * *." *Shalkhauser v. City of Medina*, 148 Ohio App.3d 41, 2002-Ohio-222, ¶ 27 (9th Dist.). Similarly, Ohio

courts typically define "bad faith" as "a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus, overturned on other grounds in *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994).

{¶16} Here, Treece represented to the trial court that the State originally requested any videos of the chase from a sergeant with the Highway Patrol but that the sergeant indicated no such videos existed. It was not until his meeting with Trooper Greer on February 9, 2012 that Treece learned that a video of the chase existed. Upon his discovery of the video's existence and his receipt of the video at 9:30 a.m. on February 10, 2012, Treece immediately hand-delivered a copy of the video to Holcomb's trial counsel. Holcombe, meanwhile, presented no evidence to rebut Treece's representations.

{¶17} The trial court inquired into the circumstances of the late disclosure and assessed the representations of both Treece and Holcombe's trial counsel. After considering them, the trial court found no willfulness or bad faith on the State's part. Our review of the record does not reveal any evidence to suggest that the trial court's finding in this regard was an abuse of discretion, so we decline to disturb it on appeal. *See Gibson*, 2007-Ohio-3345, at ¶ 45 (finding no bad faith in State's late disclosure of DNA report where trial court inquired into circumstances

of the late disclosure and State's representations were not rebutted by the defense); *State v. Stedman*, 8th Dist. No. 77334 (Nov. 1, 2001) (finding no willful or bad faith conduct where the State disclosed witness's name on same day that the State learned of it).

{¶18} Holcombe seizes upon Trooper Greer's testimony about his cruiser's video recording equipment to suggest that there is no explanation for the late disclosure except for the existence of bad faith on the State's part. But, this testimony does not rebut Treece's representation that there was a miscommunication between the State and a sergeant with the Highway Patrol regarding the video. While Trooper Greer's testimony establishes that he knew of the video's existence from the date of the automobile chase, it does not establish that other troopers, including the sergeant, knew of the video or that the Highway Patrol informed the State of the video before February 9, 2012. At most, we view Trooper Greer's testimony as indicating that the Highway Patrol was negligent in its record keeping, which is insufficient to establish bad faith.[1] *See State v. Bowmen*, 3d Dist. No. 9-01-47, 2002-Ohio-3391, ¶ 36 (finding that evidence of "sloppy record keeping" by the State does not establish the existence of bad faith).

{¶19} As such, we decline to reverse the trial court's order on the basis of State's alleged willfulness or bad faith.

---

[1] We note that Treece did not offer any evidence to corroborate his representations.

*Foreknowledge of the Video*

**{¶20}** A review of the record reveals that Holcombe received the video three days before trial and that his trial counsel watched the video at least twice, once with Holcombe and once without him. During those reviews, Holcombe and his trial counsel could refine their strategy and craft a theory that would reduce the weight of the video for the jury. In light of this evidence, we find that Holcombe has failed to demonstrate how additional time would have benefitted him and allowed him to change his defense theory. *See State v. Black*, 3d Dist. No. 3-2000-14 (Nov. 15, 2000) (finding that the defendant failed to show how he would have benefited from foreknowledge of evidence).

**{¶21}** Holcombe argues that he needed additional time to investigate the authenticity of the video. But, there is no evidence in the record suggesting that there is a reasonable basis for Holcombe's unsupported contention that the video may be inauthentic. The video is consistent with Trooper Greer's testimony and the trial court found that video itself displayed no apparent marks indicating tampering by the State. Further, the failure of Holcombe's trial counsel to cross-examine Trooper Greer regarding the authenticity of the video is telling as to the reasonableness of Holcombe's claim.

**{¶22}** Even if there was a reasonable basis for Holcombe to explore the video's authenticity, we would still decline reversing the trial court's denial of

exclusion of the evidence. Courts have consistently noted that "[a] continuance * * * is a favored method to avoid prejudice which may flow from a failure to provide discovery * * *." *State v. Parks*, 69 Ohio App.3d 150, 155 (2d Dist. 1990). In light of this preference, the appropriate sanction would have been a continuance which was not requested, rather than exclusion of evidence as requested by Holcombe.

{¶23} As such, we decline to reverse the trial court's order on the basis that additional time would have benefited Holcombe in preparing his defense.

*Prejudice of the Evidence*

{¶24} Contrary to Holcombe's assertions, the record reveals that the admission of the video did not prejudice his defense since the video constituted duplicative evidence that had no effect on the trial outcome. The video was consistent with Trooper Greer's testimony regarding the automobile chase and it did not include any footage of the scuffle that gave rise to the assault conviction. *See State v. Black*, 3d Dist. No. 3-2000-14 (Nov. 15, 2000) (affirming the trial court's admission of a recording with the defendant's confession despite its late disclosure because contents were consistent with testimony of police officers). Consequently, as noted by Holcombe, without the video, "the State, through the testimony of Trooper Greer[,] would still be able to present its case in chief." Appellant's Br., p. 15.

{¶25} As such, we decline to reverse the trial court's order on the basis of the video's purported prejudicial effect on the outcome of the trial.

{¶26} In sum, Holcombe has failed to show the applicability of any of the *Heinish* scenarios and we find no error in the trial court's order admitting the video of the automobile chase.

{¶27} Accordingly, we overrule Holcombe's sole assignment of error.

{¶28} Having found no error prejudicial to Holcombe, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**Shaw, P.J. and Preston, J., Concur.**

**/hlo**